**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

YOUNG YIL JO,

      Plaintiff,

v.                                                               No. CV 10-0217 JB/WDS

SIX UNKNOWN NAMES AGENTS and
BARACK HUSSEIN OBAMA,

      Defendants.

**ORDER AND NOTICE OF PROPOSED FILING RESTRICTIONS**

**THIS MATTER** comes before the Court *sua sponte* on a number of post-judgment complaints that Plaintiff Young Yil Jo has submitted. Jo is incarcerated and appears *pro se*. The Court dismissed Jo's original Complaint without prejudice on April 28, 2010, because he failed to pay the statutory filing fee or move for leave to proceed *in forma pauperis*. See Order of Dismissal Without Prejudice, filed April 28, 2010 (Doc. 7).

After Jo's initial filing, he submitted fourteen nearly identical Complaints -- all without paying a fee or moving for leave to proceed *in forma pauperis*. Each of these Complaints purports to be in the name of one or more different Plaintiffs, but no one except Jo has signed any of the Complaints. Because only Jo signed all the Complaints, the Clerk of the Court properly entered them on the docket of this action. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)(noting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Court has the inherent power to impose a variety of sanctions on litigants to regulate its docket, promote judicial efficiency, and deter frivolous filings. See Werner v. State of Utah, 32 F.3d

1446, 1447-48 (10th Cir. 1994)(stating that a habeas petitioner "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions," and that, "[w]hen a litigant abuses the[] privileges [of access to the courts], filing restrictions are appropriate."); <u>Winslow v. Hunter</u>, 17 F.3d 314, 315 (10th Cir. 1994)("[W]here, as here, a party has 'engaged in a pattern of litigation activity which is manifestly abusive,' restrictions [on filing] are appropriate."); <u>Tripati v. Beaman</u>, 878 F.2d 351, 353-54 (10th Cir. 1989)(holding that "injunctions are proper where the litigant's abusive and lengthy history is properly set forth," so long as the court sets forth "some guidelines as to what plaintiff must do to obtain the court's permission to file an action."); <u>Martinez v. IRS</u>, 744 F.2d 71, 73 (10th Cir. 1984); <u>Clark v. Meijer, Inc.</u>, 376 F. Supp. 2d 1077, 1084 (D.N.M. 2004)(Browning, J.)("A court may impose reasonable filing restrictions on a plaintiff so long as the court publishes guidelines on how the plaintiff may file a subsequent action and provides the plaintiff an opportunity to respond to the protective order.")(citing <u>Tripati v. Beaman</u>, 878 F.2d at 354).  Here, even after the Court dismissed Jo's original Complaint, he has repeatedly -- approximately fourteen times -- filed photocopied and slightly modified versions of the same Complaint.  Jo's abusive conduct justifies the imposition of an injunction against him to deter frivolous filings.  See <u>Tripati v. Beaman</u>, 878 F.2d at 353.  The Court will notify Jo of proposed filing restrictions and of the steps Jo must take to file future, non-frivolous complaints.  If Jo fails to comply with this order, the Court's proposed restrictions will be effective without further notice.

**IT IS ORDERED** as follows:

Plaintiff Young Yil Jo's post-judgment Complaints (Docs. 8-18), construed herein as motions to reopen this proceeding, are denied;

Jo is hereby notified that, by subsequent order, he will be enjoined from making further

filings in this case except objections to this order and a notice of appeal; and the Clerk of the Court will be directed to return without filing any additional submissions by the Plaintiff in this case other than objections to this order and a notice of appeal, unless:

    1.    A licensed attorney who is admitted to practice before the Court and has appeared in this action signs the proposed filing; or

    2.    Jo has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Jo also will be enjoined from initiating further litigation in this Court, and the Clerk of the Court will be directed to return without filing any pleadings that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Jo first obtains permission to proceed *pro se*.  See DePineda v. Hemphill, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Jo must take the following steps:

    1.    File a petition with the Clerk of Court requesting leave to file a *pro se* original proceeding.

    2.    File with the petition a notarized affidavit, in proper legal form, which recites the claims that Jo seeks to present, including a short discussion of the legal right asserted, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Jo's knowledge, his legal arguments are not frivolous or made in bad faith; they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and the new suit is not interposed for any improper purpose such as delay or needless increase in the cost of litigation.  If Jo's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this Court or another court has decided, and explain why the new suit would not be an

abuse of the system.

       3.      Submit his petition and affidavit, with a copy of these filing restrictions, to the Clerk of the Court, who will be directed to forward them to the Chief Magistrate Judge for determination whether to permit the filing of a *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of the assigned District Judge, the Clerk will be directed to return a petition or complaint without filing. If the Chief Magistrate Judge and assigned District Judge approve the filing, an order will be entered directing that the petition or complaint be filed.

Within ten (10) days from entry of this order, Jo may file written objections, limited to ten pages, to these proposed filing restrictions. If Jo files no timely objections, these restrictions are in effect without further notice. If Jo files timely objections, the restrictions will take effect only upon entry of a subsequent order.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Young Yil Jo
Airpark Unit Correctional Center
Big Spring, Texas

      *Plaintiff pro se*